# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0707, <u>In the Matter of Keli Eckroate-Breagy and Paul Breagy</u>, the court on July 13, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The petitioner, Keli Eckroate-Breagy (wife), appeals the final decree of the Circuit Court (<u>LeFrancois</u>, J.) in her divorce from the respondent, Paul Breagy (husband).  She argues that the trial court erred in:  (1) determining the amount and duration of alimony; (2) providing the husband with three years in which to pay the property settlement, without requiring him to make periodic installment payments, pay interest, or provide security for the payment; (3) failing to order the husband to pay the cost of her health insurance; (4) ordering each party to bear equal responsibility for the Citi Card debt; and (5) ordering each party to bear equal responsibility for the profit or loss on the sale of the former marital home.

The wife first argues that the trial court unsustainably exercised its discretion in determining the amount and duration of alimony.  The trial court is afforded broad discretion in awarding alimony.  <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008).  We will not overturn its decision absent an unsustainable exercise of discretion.  <u>Id</u>.

A trial court may award alimony if it finds that:

(a) [t]he party in need lacks sufficient income, property, or both . . . to provide for such party's reasonable needs, taking into account the style of living to which the parties have become accustomed during the marriage; and (b) [t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony, taking into account the style of living to which the parties have become accustomed during the marriage; and (c) [t]he party in need is unable to be self-supporting through appropriate employment at a standard of living that meets reasonable needs . . . .

RSA 458:19, I (Supp. 2014).  In this case, the trial court found that the wife lacks sufficient income, that the husband has an ability to pay, and that the

wife is unable to be self-supporting at present without alimony. The court determined the wife's need to be approximately $2,274 per month. In determining the amount of alimony, the court may consider the value of economic and non-economic contributions to the family unit, RSA 458:19, IV(d) (Supp. 2014), and:

> shall consider the length of the marriage; the age, health, social or economic status, occupation, amount and sources of income, the property awarded . . ., vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party as defined in RSA 458:16-a, II(l); and the federal tax consequences of the order.

RSA 458:19, IV(b) (Supp. 2014).

After expressly considering these factors, the trial court awarded the wife alimony of $2,000 per month for one year and $1,000 per month for the following two years. The wife argues that the alimony award is insufficient to provide for her reasonable needs, considering the style of living to which the parties had become accustomed during the marriage. She further argues that there is no evidence that she will become fully self-supportive within three years at a standard of living comparable to that to which the parties had become accustomed during the marriage. By contrast, she argues, the alimony award will allow the husband to maintain a "lifestyle" close to that which the parties enjoyed during the marriage.

The primary purpose of alimony is rehabilitative. In the Matter of Nassar, 156 N.H. at 777. "This principle is based upon the realization that modern spouses are equally able to function in the job market and to provide for their own financial needs." Id. (quotation omitted). "Alimony should, therefore, generally be designed to encourage the recipient to establish an independent source of income." Id. (quotation omitted). In this case, the trial court stated that its alimony award was intended to be rehabilitative. The court concluded that its award "should give [the wife] a graduated transition to obtain a full time job at a level where she could self-support with benefits."

The record shows that the wife has a bachelor's degree and marketable job skills, appears to be in good health, and has no minor children to support. The wife testified that she works in a "career-oriented type of job" at the post office, and that her goal is to become a postmaster. She anticipates that her postal employment will become full-time with benefits. She testified that already she has been assured of a promotion. In the meantime, the court noted, the wife is working only part-time, thirty hours per week. The court found that the wife "made some efforts but not an aggressive effort" to increase her income through additional, part-time employment. The court also found

that while the husband has "some ability to pay" alimony, he does not have the ability to pay the $2,300 per month required under the temporary orders. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in its alimony award. See id. at 772.

We next address the wife's argument that the trial court erred in providing the husband with three years in which to pay the $20,279 property settlement, without requiring installment payments. We note that while this appeal was pending, the wife notified this court that the husband paid the $20,279 property settlement, and that she was withdrawing this issue from her appeal. Accordingly, we do not address it. Separately, however, the wife argues that the court erred in failing to award interest and security for the $20,279 payment that the husband owed. Assuming, without deciding, that these issues are not moot, we note that the trial court has the discretion to determine whether to award interest for delayed payments, see In the Matter of Nyhan and Nyhan, 147 N.H. 768, 771 (2002), and conclude that the trial court did not unsustainably exercise its discretion by not awarding interest or security in this case, see id.

The wife next argues that the trial court unsustainably exercised its discretion in failing to order the husband to pay the cost of her health insurance for three years. The court ordered the husband to maintain health, dental, and vision coverage for the wife for three years; however, the wife is required to pay the cost of maintaining such coverage. The wife argues that considering her age, her lack of employer-provided health coverage, the disparity of income between the parties, and the husband's ability to pay, the husband should be required to pay for her health, dental, and vision coverage. We note that the trial court expressly considered these factors, with the exception of health coverage, in its alimony award. "If the court's findings can reasonably be made on the evidence presented, they will stand." In the Matter of Letendre & Letendre, 149 N.H. 31, 36 (2002). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in requiring the wife to pay the cost of maintaining her coverage under the husband's employer's plan. See id. at 40 (affirming trial court's decision regarding payment for health insurance).

The wife next argues that the trial court unsustainably exercised its discretion in ordering that each party shall be equally responsible for the debt on the Citi Card. The division of marital debt is within the trial court's discretion. See In the Matter of Muller & Muller, 164 N.H. 512, 518-19 (2013). In this case, the trial court found the approximate balance on the Citi Card to be $10,356 as of the date of the parties' separation and determined that it was a marital debt for which each party is equally responsible. The court ordered the wife's share, $5,178, to be offset against the property division the husband owes her for the car and retirement funds. Although the wife testified that the husband used the Citi Card for his business expenses, we defer to the trial

3

court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in ordering that each party to be equally responsible for the debt on the Citi Card. See In the Matter of Muller, 164 N.H. at 518-19.

Finally, the wife argues that the trial court unsustainably exercised its discretion in ordering each party to share equally the loss or profit on the sale of the former marital home in Illinois. The parties agree that the home has a fair market value of $280,000 and a mortgage of approximately $343,000, which exceeds the value by approximately $63,000. Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in ordering each party to bear equally the loss or profit on the sale of the former marital home. See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**