# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0075, <u>In re Guardianship of M.R.; In the Matter of Tammy Desilets & a. and Natasha Duby & a.</u>, the court on June 26, 2017, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The petitioners appeal the order of the Circuit Court (<u>Foley</u>, J.), following a two-day hearing, denying their parenting petition and awarding sole decision-making responsibility and sole residential responsibility to the child's mother, the respondent.[1]

The petitioners are the child's maternal grandmother and a friend who, together, raised the child for most of the first nine years of her life. The record shows that the respondent lived in her mother's home during her pregnancy and when the child was young, but moved out when the child was approximately one and one-half years old, leaving the child in the grandmother's care. The grandmother parented the child with the assistance of the co-petitioner. Without prior notice to the petitioners, the respondent removed the child from school and took her to Virginia, where the mother now lives, near the child's maternal grandfather and his extended family. Shortly after this incident, the petitioners filed their parenting petition, seeking sole decision-making responsibility and sole residential responsibility for the child.

The trial court has broad discretion in matters involving parental rights and responsibilities under RSA 461-A:6 (Supp. 2016). <u>In the Matter of Bordalo & Carter</u>, 164 N.H. 310, 313 (2012). We will not disturb its decision absent an unsustainable exercise of discretion. <u>Id</u>. We will uphold the trial court's factual findings if they are supported by the evidence. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002).

In contested parenting matters, we have held that:

[A]n award of custody to a . . . grandparent over the objection of a fit natural or adoptive parent is not unreasonable or unduly

---

[1] The child's father was also named as a respondent in the trial court; however, he was defaulted, was awarded no specific rights or responsibilities, and has not participated in this appeal.

restrictive of parental rights only if the petitioning party can show by clear and convincing evidence that: (1) the custody award would specifically be in the child's best interest because of a significant psychological parent-child relationship; (2) the custody award only be allowed where the family is already in the process of dissolution; and (3) there is some additional overriding factor justifying intrusion into the parent's rights, such as a significant failure by the opposing parent to accept parental responsibilities. [In addition,] . . . the custody award must be necessary for the State to enforce its compelling interest in protecting the child from the emotional harm that would result if the child were forced to leave the significant psychological parent-child relationship between the child and the . . . grandparent.

In the Matter of Bordalo, 164 N.H. at 316 (quotation omitted). We have referred to this standard as the "Broderick test." Id.

The petitioners first argue that the trial court erred in finding that they failed to show "some additional overriding factor justifying intrusion into the parent's rights, such as a significant failure by the opposing parent to accept parental responsibilities," the third prong of the Broderick test. They argue that they satisfied their burden by showing that the respondent failed to accept her parental responsibilities during most of the child's first nine years, while they assumed the role of the child's parents. They also argue that the mother's conduct in removing the child from school without prior notice to them, and taking her to Virginia to live, establishes a failure to accept parental responsibilities.

The trial court found that the petitioners failed to meet the third prong of the Broderick test because the mother "has accepted all aspects of her parental responsibilities" since October 1, 2015, when she removed the child from school. The court also found that, earlier, "[w]hen [the mother] was on her feet, she tried to get [the child] back, but was not allowed to do so." These findings are supported by the record. In the Matter of Nyhan, 147 N.H. at 770.

The petitioners next argue that the trial court erred in finding that they failed to show that awarding parenting rights to them is "necessary for the State to enforce its compelling interest in protecting the child from the emotional harm that would result if the child were forced to leave the significant psychological parent-child relationship between the child and the . . . grandparent," the final factor in the Broderick test.

The trial court found that the petitioners failed to satisfy this requirement because the child "has already been removed for over 14 months from that relationship, and she is not suffering emotional harm." The court found that the child "likes her new environment in Virginia" and "loves her

2

mother and her siblings." The court noted that the child "is indeed sad and misses her New Hampshire family," but also noted that if the child were returned to New Hampshire, she "would also be sad and miss her mother and siblings and her extended Virginia family." These findings are supported by the record. In the Matter of Nyhan, 147 N.H. at 770. Moreover, we have adopted the Troxel presumption that fit parents are presumed to act in the best interest of their children. See Troxel v. Granville, 530 U.S. 57 (2000). "Provided that a parent is fit, there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." In re Guardianship of Reena D., 163 N.H. 107, 111-12 (2011) (quotations and citations omitted).

The petitioners next argue that the trial court erred in finding that the respondent is a fit parent who had not abandoned her daughter. In this State, "biological and adoptive parents are presumed to be fit parents until they are found to be unfit under either RSA chapter 169-C (abuse and neglect proceedings) or RSA chapter 170-C (termination of parental rights)." In the Matter of Bordalo, 164 N.H. at 314. The petitioners do not allege that the mother has been found unfit pursuant to RSA chapter 169-C or RSA chapter 170-C. Moreover, the trial court found that the mother did not abandon the child, but rather "left [the child] temporarily in a better place than [the mother] could ever provide." Then, "[w]hen [the mother] was on her feet, she tried to get [the child] back, but was not allowed to do so." Based upon this record, we cannot conclude that the court erred in finding that the mother is a fit parent who had not abandoned her daughter.

The petitioners next essentially invite us to reconsider the Broderick test, as well as the presumption that parents are presumed to be fit unless found unfit pursuant to RSA chapter 169-C or RSA chapter 170-C. It is a long-standing rule that parties may not have judicial review of matters not raised in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Moreover, the petitioners have the burden as the appellants to provide this court with a record sufficient to decide their issues on appeal, as well as to demonstrate that they raised their issues in the trial court. Id. The petitioners have failed to provide a record to show that they raised these issues in the trial court. Even if the petitioners had raised these issues in the trial court, "[t]he doctrine of stare decisis demands respect in a society governed by the rule of law, for when governing legal standards are open to revision in every case, deciding cases becomes a mere exercise of judicial will with arbitrary and unpredictable results." State v. Quintero, 162 N.H. 526, 532 (2011) (quotation omitted). We have identified four factors to be considered in determining whether precedent should be overruled. See id. at 532-33 (discussing factors). The petitioners have failed to brief the stare decisis factors. Accordingly, we decline to reconsider our precedent. See State v. Blackmer, 149 N.H. 47, 49 (2003) (noting that we confine our review to issues fully briefed).

We have considered the petitioners' remaining arguments, and have concluded that they do not warrant further discussion.  See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

                                                              Affirmed.

Dalianis, C.J., and Hicks, Lynn, and Bassett, JJ., concurred.


                                        **Eileen Fox,**
                                        **Clerk**