# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2017-0226, <u>In the Matter of Edythe Murphy and Kevin Rogers</u>, the court on March 30, 2018, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Kevin Rogers (husband), appeals the final decree of the Circuit Court (<u>Garner</u>, J.) in his divorce from the petitioner, Edythe Murphy (wife).  He argues that the trial court erred in:  (1) denying his request for alimony; and (2) issuing a restraining order pursuant to RSA 458:16 (2004).

The husband first argues that the trial court erred in denying his request for alimony.  An alimony award requires a finding that "[t]he party from whom alimony is sought is able to meet reasonable needs while meeting those of the party seeking alimony."  RSA 458:19, I(b) (2004).  After conducting a two-day final hearing, the trial court found that the wife lacks sufficient income to pay alimony and to provide for her own reasonable needs.  The husband challenges the wife's credibility and the weight given by the trial court to the evidence presented.  However, he failed to provide a transcript of the final hearing for our review.

It is the burden of the appealing party, here the husband, to provide this court with a record sufficient to decide his issues on appeal.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004); <u>see</u> <u>also</u> <u>Sup. Ct. R.</u> 15(3) ("If the moving party intends to argue in the supreme court that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion."); <u>Town of Nottingham v. Newman</u>, 147 N.H. 131, 137 (2001) (rules of appellate practice not relaxed for self-represented litigants).  Absent a transcript of the final hearing, we assume that the evidence was sufficient to support the court's decision, <u>see</u> <u>Bean</u>, 151 N.H. at 250, and review its order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997).  We find no errors of law on the face of the trial court's order.

The husband next argues that the trial court erred in issuing a restraining order pursuant to RSA 458:16 (2004).  On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous.  <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H.

768, 770 (2002). The record shows that the wife sought an RSA 458:16 restraining order to prevent the husband from having further contact with her. In her motion, she alleged that the husband had violated a domestic violence temporary order of protection. Although the husband argues that the court erred in issuing the restraining order without conducting a hearing on the wife's motion, the record shows that the court, in fact, held a hearing on the motion on October 14, 2015, the same day as the final hearing on the wife's domestic violence petition. Following the hearing, the trial court concluded that an RSA 458:16 mutual restraining order was required "to keep the peace and prevent physical or emotional harm to both parties." Based upon this record, we cannot conclude that the trial court's decision to issue the restraining order was unsupported by the record or legally erroneous. See id.

The husband argues that the proceedings relative to the motion deprived him of rights afforded to criminal defendants. However, the record shows that the wife was not seeking a finding of criminal contempt. Furthermore, the court's order did not find the husband to be in criminal contempt or impose criminal penalties. Accordingly, rights afforded to criminal defendants were not implicated in the proceeding. Thus, we find no error. See id.

We have considered the husband's remaining arguments, and have concluded that they do not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,
Clerk**