# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0080, <u>In the Matter of Erica Cowen and Charles Cowen</u>, the court on August 7, 2019, issued the following order:**

Having considered the brief, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Erica Cowen (wife), appeals the final decree of the Circuit Court (<u>Lemire</u>, J.), following a hearing, in her divorce from the respondent, Charles Cowen (husband). We construe her brief to argue that the trial court erred in: (1) managing discovery and trial; (2) denying her request for a divorce on fault grounds; (3) awarding the husband final decision-making responsibility for the parties' child; (4) calculating child support; (5) denying her request for a lump-sum property settlement; (6) granting the husband's request to change the child's name; and (7) denying her request for attorney's fees. She also argues that the trial judge was biased against her.

We afford trial courts broad discretion in fashioning a final divorce decree. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 285 (2006). We review the court's decisions regarding the management of discovery and trial under an unsustainable exercise of discretion standard. <u>Id</u>. at 280. To meet this standard, the wife must demonstrate that the trial court's rulings were clearly untenable or unreasonable to the prejudice of her case. <u>Id</u>. at 285. The issue of whether the irremediable breakdown of the marriage was caused by irreconcilable differences or the fault of one of the parties is a factual question for the trial court. <u>In the Matter of Martel & Martel</u>, 157 N.H. 53, 61-62 (2008). We will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. <u>In the Matter of Aube & Aube</u>, 158 N.H. 459, 465 (2009).

The record in this case shows that the parties were married for less than eleven months when the wife filed her petition for legal separation, which she later amended to a petition for divorce alleging fault grounds. The trial court granted the divorce based upon irreconcilable differences, finding that the wife failed to show that the husband treated her so as to seriously injure her health or endanger her reason. <u>See</u> RSA 458:7, V (2018). The court awarded the wife

primary residential responsibility for the parties' child. The court awarded the parties joint decision-making responsibility for the child and gave the husband final decision-making responsibility for any major issues on which the parties cannot agree. The court ordered the husband to pay child support according to the guidelines, based upon his current income. The court awarded the husband the property that he brought to the marriage and denied the wife's request for a lump-sum property award. The court granted the husband's request to change the child's legal name, finding it to be in the child's best interest.

As the appealing party, the wife has the burden of demonstrating reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the wife's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the wife has not demonstrated reversible error. See id. Moreover, we conclude, based upon our review of the record, that no reasonable person would have questioned the trial judge's impartiality, and that there were no factors that would have per se disqualified the judge. See State v. Bader, 148 N.H. 265, 268-71 (2002).

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

2