Brentwood Family Division
No. 2000-795

IN THE MATTER OF JOYCE K. NYHAN AND WILLIAM J. NYHAN

Argued: March 7, 2002
Opinion Issued: June 21, 2002

*Wiggin & Nourie, P.A.*, of Manchester (*L. Jonathan Ross* and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the respondent.

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the petitioner.

NADEAU, J. The respondent, William J. Nyhan, appeals an order issued by the Brentwood Family Division (*Maher*, J.) following a hearing on post-

divorce decree motions filed by both parties. On appeal, the respondent contends the trial court erred in: (1) awarding the petitioner, Joyce K. Nyhan, her share of certain IRA and 401(k) accounts based upon a post-divorce petition valuation date; (2) awarding the petitioner interest; and (3) ruling upon the petitioner's untimely post-divorce decree motions. We affirm in part, vacate in part and remand.

The parties married in 1984. In 1998, Joyce Nyhan filed a petition for divorce. In May 2000, the trial court heard six days of testimony regarding the equitable division of the marital estate, and a divorce decree was issued on July 14, 2000. In the decree, the trial court granted the respondent's request that the proper valuation date regarding the division of his IRA and 401(k) accounts would be the date of the filing of the divorce petition. However, in its distribution of the marital property, the decree valued the accounts in question as of the date of the final hearing, May 18, 2000, thereby including contributions made after the filing of the divorce petition. Under the decree, the respondent was directed to pay his wife her share of the so-called Office Environments of New England (OENE) assets. He was also directed to pay her, within thirty days from the date of the divorce decree, a fixed sum to equalize the distribution of the remainder of the marital assets.

The respondent filed a timely motion to reconsider, arguing, among other things, that the trial court applied the wrong valuation date to the accounts. Pending the outcome of his motion, he did not pay the petitioner as ordered in the divorce decree. Approximately two months after the decree was issued but before the court ruled upon the respondent's motion for reconsideration, the petitioner filed a "motion for distribution of funds or segregation of funds" and a "motion to determine effective date of certain provisions of the final decree of divorce." In her motion for distribution of funds, she requested an immediate distribution of her share of the OENE assets. Because of the court delay in ruling upon the respondent's motion for reconsideration, she also requested that she be awarded interest on her share of the OENE assets and the fixed sum the respondent was ordered to pay to equalize the distribution of the remaining marital assets. The respondent objected, arguing that her motion was untimely.

After a hearing on the motions, the trial court found that the divorce decree properly valued the accounts at issue as of May 18, 2000. The trial court also amended the decree and awarded the petitioner interest pursuant to RSA 336:1 (Supp. 2001). A subsequent order clarified that interest was awarded to compensate the petitioner for the unexpected delay in the distribution of the marital property due to post-divorce decree

motions and the potential for further delay due to appellate review. This appeal followed.

■ As a threshold matter, we address the respondent's claim that the trial court should have dismissed the petitioner's post-divorce decree motions as untimely. *See* SUPER. CT. R. 59-A(1). Assuming without deciding that the motions were untimely, we note that the trial court's discretionary power to hear an untimely motion "may be exercised, and prior exercise may be corrected, as sound discretion may require, at any time prior to final judgment." *State v. Haycock*, 139 N.H. 610, 611 (1995) (quotation omitted). Further, the trial court generally may correct a decree of property settlement "in the event it was based upon a misunderstanding of the facts." *Erdman v. Erdman*, 115 N.H. 380, 381 (1975). Therefore, the trial court's decision to rule upon the petitioner's untimely motions will only be overturned if the court committed an unsustainable exercise of its discretion. *See Haycock*, 139 N.H. at 611; *State v. Lambert*, 147 N.H. 295, 296 (2001). Here, the trial court decided to hear the petitioner's motions, which were filed prior to final judgment, and amended its decree. We find no unsustainable exercise of discretion based upon the facts of this case.

We now turn to the remaining substantive issues. On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or legally erroneous. *In the Matter of Fowler and Fowler*, 145 N.H. 516, 519 (2000). Trial courts are afforded "broad discretion in determining and ordering the distribution of property and the payment of alimony in fashioning a final divorce decree." *Id.* We will not overturn the trial court's decision absent an unsustainable exercise of discretion. *See id.*; *Lambert*, 147 N.H. at 296.

■ ■ We first address whether the trial court erred in valuing the respondent's accounts as of the date of the final hearing. The respondent argues that his IRA and 401(k) accounts should have been divided in accordance with the valuation date specifically established for pension benefits, namely, "the period during marriage and prior to the commencement of the divorce proceedings." *Holliday v. Holliday*, 139 N.H. 213, 217 (1994) (citation and emphasis omitted). This rule was first enunciated in *Hodgins v. Hodgins*, 126 N.H. 711 (1985), and is referred to as the so-called *Hodgins* rule. We have recently held, however, that RSA 458:16-a (Supp. 2001) governs IRAs and 401(k) accounts and, thus, they are not treated as pension benefits subject to the *Hodgins* rule. *See In the Matter of Gordon and Gordon*, 147 N.H. 693 (2002). Therefore, contributions made to such accounts, "up to the date of a decree of legal

separation or divorce," *Holliday*, 139 N.H. at 215, are properly considered part of the marital estate.

■ We reiterate the rule that trial courts are free to exercise their sound discretion in establishing an appropriate valuation date for the equitable distribution of marital assets. *Hillebrand v. Hillebrand*, 130 N.H. 520, 524 (1988). The divorce decree established May 18, 2000, as the valuation date for the accounts at issue. Although the trial court construed the accounts as pension benefits and applied the exception to the *Hodgins* rule to justify the valuation, *see Hillebrand*, 130 N.H. at 526, this was not necessary. We hold that the valuation date of May 18, 2000, was appropriate in this case.

Next, we examine whether the trial court erred in awarding the petitioner interest on her share of the marital assets under RSA 336:1. We agree with the respondent that, in this case, to the extent the trial court applied RSA 336:1 in awarding interest, it was an error of law. The time value of money is based upon the premise that its present value will increase over time due to inflation or market forces. *Cf. John A. Cookson Co. v. N.H. Ball Bearings*, 147 N.H. 352, 361-62 (2001). Under RSA 458:16-a, I, an increase in the value of a marital asset caused by inflation or market forces may itself be an asset subject to equitable distribution. If the time value of money is unaccounted for, an otherwise equitable distribution of an asset may be rendered inequitable due to a delayed payment over a significant amount of time. In order to avoid the possible inequities associated with a delayed payment, the trial court may provide for interest during the delay. *See Williams v. Williams*, 613 A.2d 200, 202 (Vt. 1992); *Wormelle v. Howard*, 526 A.2d 1390, 1391 (Me. 1987). The trial court may also divide the award on a percentage basis as of the date payment is tendered, thereby accounting for any changes in the value of a marital asset caused by inflation or market forces. *See Williams*, 613 A.2d at 202. The trial court's authority to do so is rooted in its broad discretion to equitably distribute property. *See Hoffman v. Hoffman*, 143 N.H. 514, 517 (1999); *see also Williams*, 613 A.2d at 202.

■ Statutory interest under RSA 336:1, however, is not applicable in the context of a property division under RSA 458:16-a. Typically, under RSA 458:16-a, the trial court's intent is to equitably distribute the marital property, not compensate one party for civil wrongs committed by another. As the actual increase of a marital asset due to its time value is, itself, an asset subject to equitable distribution, any award of interest must comply with RSA 458:16-a. In other words, interest under such circumstances is part of the marital property and is tied to the "considered judgment of the equity court in arriving at a degree of parity called

fairness." *McSherry v. McSherry*, 135 N.H. 451, 453 (1992). This is wholly different from a post-judgment award of interest to a prevailing party in a civil proceeding, which is statutorily imposed without regard to the equities of the particular circumstances. *See* RSA 524:1-a (1997), :1-b (Supp. 2001); RSA ch. 336; *Nault v. N & L Dev. Co.*, 146 N.H. 35, 39 (2001).

In this case, the trial court's imposition of interest under RSA 336:1 exceeded the *actual* rate of interest earned upon the OENE proceeds. Further, it appears from the record that the trial court did not consider other equitable factors, such as any tax liability the respondent incurred upon the interest earned from the OENE proceeds. *See generally* RSA 458:16-a, II. It may well have been appropriate for the trial court to amend the property distribution to account for the time value of money due to delay. *See Erdman*, 115 N.H. at 381. However, to the extent the trial court applied RSA 336:1, it was an error of law. Therefore, we vacate this portion of the divorce decree, as amended, and remand for an evidentiary hearing to determine whether the imposition of interest in this case is warranted and, if so, what constitutes a fair rate in order to achieve an equitable distribution of the marital assets.

*Affirmed in part; vacated in part; and remanded.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; BROCK, C.J., and DALIANIS and DUGGAN, JJ., concurred.