# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0118, <u>In the Matter of Christopher Lawton and Christi Lawton</u>, the court on October 17, 2017, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The husband, Christopher Lawton, appeals the final decree recommended by a Marital Master (<u>Dalpra</u>, M.) and approved by the Circuit Court (<u>Runyon</u>, J.) in his divorce from the wife, Christi Lawton, to whom he had been married for nearly 30 years. On appeal, he contends that the trial court unsustainably exercised its discretion when it ordered him to pay the wife $400 in monthly alimony until she remarries, dies, or upon the 24th payment, whichever occurs first. We affirm.

The trial court is afforded broad discretion in awarding alimony. <u>In the Matter of Nassar & Nassar</u>, 156 N.H. 769, 772 (2008). We will not overturn its decision absent an unsustainable exercise of discretion. <u>Id</u>. Under that standard of review, we "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence. <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

RSA 458:19, I (Supp. 2016), authorizes the trial court to award alimony if: (1) the party in need lacks sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; (2) the payor is able to continue to meet his own reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs. In determining the amount of alimony, a trial court must consider: the length of the marriage; the age, health, social or

economic status, occupation, amount and sources of income, the property awarded under RSA 458:16-a (2016), vocational skills, employability, estate, liabilities, and needs of each of the parties; the opportunity of each for future acquisition of capital assets and income; the fault of either party as defined in RSA 458:16-a, II(l); and the federal tax consequences of the order. RSA 458:19, IV(b) (2016). Further, the court may consider the economic contribution of the parties to the value of their respective estates, as well as non-economic contributions to the family unit. See RSA 458:19, IV(d) (2016).

The husband first argues that the evidence does not support the trial court's finding that the wife lacks sufficient income or property to meet her reasonable needs and that she is unable to meet her reasonable needs through employment. He contends that the trial court impermissibly based its alimony award upon its "speculation" that the wife's housing expenses, which are currently minimal, would increase. We disagree.

The trial court based its alimony award, in part, upon its determination that the wife lacked the resources "with which to obtain a residence that would afford her some stability." The court found that, because she lacked resources, the wife had "not settled in one residence for more than several weeks" and had been dependent upon the largesse of friends to meet her basic housing needs. Based upon these findings, the court determined that $400 in monthly alimony for 24 months would "afford [the wife] the opportunity to establish a stable residence and will assist her until she is fully capable of self-support."

The record supports these findings. The wife testified that, at the time of the December 2016 hearing, she was living in a vacant home owned by friends, who had listed the home for sale. At the time of the hearing, she had lived in the home for two days. The wife testified that the home was not furnished and that she does not own a bed, but sleeps on an air mattress. She testified that her friends were "letting [her] live there for free until the first part of the year" or until the house sold. She testified that her friends had "an offer on the house right now," and that her housing situation was, thus, "in limbo." She testified that if the house were to sell, she did not know where she would live. She testified that she is able to afford approximately $300 in monthly rent, but that her friends have told her that they expect her to begin paying $700 in monthly rent after the "first part of the year."

As to the wife's ability to meet her reasonable needs through employment, the trial court found that, the wife had only recently become employed, earning $2,700 monthly. This finding also has support in the record. On her financial affidavit, the wife states that she has a high school degree and that, before moving to Tennessee, she last worked in March 2015 at a New Hampshire Dunkin' Donuts. The wife testified that in January 2016, she "was working as a stocker at Walmart, stocking shelves on second shift,"

and that she was promoted in October 2016 to a managerial position for which she receives $2,700 in monthly gross income.

To the extent that the husband argues that the evidence does not support the trial court's finding that he has the ability to pay $400 in monthly alimony, we disagree. The husband testified that he has a college degree and was previously employed as the director of sales and marketing for a local inn. He testified that he is currently working full-time as a marketing manager for a maple sugar operation for which he receives $4,166 in monthly income. Although the husband listed monthly expenses of more than $5,000, he testified that he had included as his own monthly expenses, the expenses incurred by those with whom he now lives (his daughter and a friend).

Based upon the record before us, we cannot conclude that the trial court's award of $400 in monthly alimony to the wife for 24 months constitutes an unsustainable exercise of discretion.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

3