# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2018-0167, In the Matter of Regina Gagne and Paul Gagne, the court on December 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The respondent, Paul Gagne (husband), appeals the final decree of the Circuit Court (Burns, J.) in his divorce from the petitioner, Regina Gagne (wife). He argues that the trial court erred in: (1) approving the parties' mediated settlement agreement; (2) allegedly failing to consider whether the agreement was fair and reasonable as a whole; and (3) entering a final decree when there allegedly had been a substantial change in circumstances post mediation, and when his motion to set aside the decree was pending.

The record shows that on December 8, 2016, the parties participated in mediation regarding their divorce. The wife was represented by counsel, and the husband was self-represented. The parties agreed upon the terms of their divorce and signed a final decree, final parenting plan, and uniform support order, which they submitted to the court for approval. On December 19, 2016, the court issued an order of non-approval, stating: "provisions related to post secondary education funding are ambiguous. Where will funds be kept. Parties must identify an account. Provisions related to dogs are illegible." The court notified the parties that unless they filed an amendment to their agreement within 14 days, it would schedule a case management conference.

The parties did not submit an amendment, and at a case management conference on January 24, 2017, the husband made additional demands and refused to comply with the agreement. The husband, in response to the wife's requests for admissions, stated that although he signed the proposed final decree, he "did not understand that executing the document in any way obligated him to the terms" of the decree, and that he needed to have his counsel review it. The wife filed a motion to enforce the agreement, and on April 26, 2017, the court held a hearing, at which both parties were represented by counsel. In his post-hearing memorandum of law, the husband asserted that "there was no meeting of the minds" at the mediation, and that he "felt pressured to settle."

In a September 14, 2017 order, the court found that text messages exchanged between the parties after the mediation showed that the husband understood that the agreement was final. The court concluded that the parties entered into an enforceable agreement, with the exception of the two narrow issues identified in the order of non-approval. The court ordered the clerk's office to schedule a one-hour hearing on those two issues, following which "a final decree of divorce can be issued."

On December 18, 2017, the court held a hearing on the two remaining issues. At the hearing, the husband asserted, for the first time, that the wife had misrepresented her income during the mediation held one year earlier, and he argued that the agreement should be set aside "due to fraud and mistake." The court responded that if the decree "is going to be undone for fraud or duress or mistake," then the issues need to be "pled sufficiently so that counsel can respond." In a March 6, 2018 order, the court addressed the two issues identified in the order of non-approval. It ordered the wife to establish a Section 529 educational savings plan for the daughter's college education and found that the husband had agreed to pay the wife $25.00 per month per dog for the life of each dog. The court issued a final decree the same day. In the interim, the husband had filed a motion to set aside the final decree on grounds of duress, mutual mistake, and misrepresentation.

The husband first argues that the court erred in approving the parties' settlement agreement because the provision regarding post-secondary educational expenses does not specify the amount of the wife's contribution, or state whether the provision is modifiable, contrary to RSA 461-A:22 (2018). We will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002). Parties to a divorce may reach a stipulated agreement regarding matters arising out of the dissolution of their marriage. Estate of Mortner v. Thompson, 170 N.H. 625, 628 (2018). The record shows that the husband agreed to pay the wife $100 per month, until their daughter graduates from high school, for her post-secondary education expenses. Although the wife also agreed to contribute to the daughter's post-secondary educational expenses, the fact that the parties did not specify the amount and frequency of her contributions, or state whether their agreement is modifiable, does not mean that their settlement agreement as a whole is unenforceable. See In the Matter of Mortner & Mortner, 168 N.H. 424, 429 (2015) (trial court has authority to accept stipulation in whole or in part); Estate of Mortner, 170 N.H. at 629-30 (stipulated divorce agreement constitutes a recommendation that becomes enforceable through court approval).

Moreover, the record shows that the husband filed a motion to modify this provision prior to the final hearing, in which he requested that the court order the wife to contribute $100 per month toward such expenses. At the hearing,

2

the trial court found, and the parties did not dispute, that they had agreed to mediate any remaining issues regarding post-secondary educational expenses. Accordingly, the court ordered the parties to mediate these issues and deferred any ruling on them until after the mediation. Based upon this record, we find no error in the court's order approving the parties' settlement agreement.

The husband also argues that the court erred by issuing the final decree without considering whether the settlement agreement was fair and reasonable as a whole. In deciding whether to approve a divorce stipulation, the trial court has the duty to ensure that it is fair and reasonable to both parties. Estate of Mortner, 170 N.H. at 630. The record in this case shows that the court met its duty. In its September 14, 2017 order enforcing the agreement, the court noted that it "should approve the parties' agreements, unless while carrying out the court's duty, it determines that the agreements are not protecting the interests of both parties." The court further noted that it was "carrying out its function to review and approve the mediated settlement of the parties as it is required to do." Because the court approved the agreement as a whole following the April 26, 2017 hearing, the final hearing on December 18, 2017, was limited to the issues identified in the order of non-approval.

The husband argues that the court erred in entering its final decree because he showed at the final hearing that there had been a substantial change in circumstances following the mediation, and because he filed a motion to set aside the decree before it was issued. Although the husband alleged for the first time at the final hearing that the wife had misrepresented her income at the mediation a year earlier, the wife denied the allegations, and the court ruled that the issues had not been sufficiently pleaded and were beyond the scope of the hearing. Moreover, the record fails to show that the husband requested a stay of the final decree to address these issues, either at the hearing or in his motion. On the contrary, the husband's counsel stated at the hearing, "I'm not saying that we necessarily have to . . . put things on hold while we try to go back to mediation." Likewise, in his motion, the husband requested that the final decree be set aside, not stayed, on grounds of duress, mutual mistake, and misrepresentation. Based upon this record, we cannot conclude that the trial court erred in entering a final decree despite the husband's allegations of changed circumstances and his pending motion to set aside the decree. See In the Matter of Nyhan, 147 N.H. at 770.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

3