# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0317, <u>In the Matter of Jason Nutter and Katherine Nutter</u>, the court on March 13, 2019, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Jason Nutter (husband), appeals the final decree of the Circuit Court (<u>Alfano</u>, J.) in his divorce from the respondent, Katherine Nutter (wife). He argues that the trial court erred by: (1) including his monthly rental income as gross income for child support; (2) denying his request for a downward deviation from the child support guidelines; (3) allegedly miscalculating the guidelines amount of child support; (4) dividing his profit sharing plan as of the date of divorce; and (5) ordering the wife to pay him $1,600, rather than the $3,500 he requested, from the 2015 tax refund.

The husband first argues that the trial court erred by including his monthly rental income as gross income for child support. We will uphold the trial court's child support order unless it is unsupported by the evidence or erroneous as a matter of law. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 283 (2006). The record shows that the husband lives in a raised ranch style home. Two tenants occupy the lower floor and pay him $1,358 per month in rent. At the final hearing, when the trial court asked the husband why he did not include the rental income on his financial affidavit, his attorney answered, "[b]ecause, Your Honor, my client indicates it's not income." The attorney further explained, "my client's indicating that he takes a loss on his property." As the trial court noted, "how federal income taxation statutes define 'income' is of little relevance to our interpretation of gross income under the child support guidelines." <u>In the Matter of Albert & McRae</u>, 155 N.H. 259, 263 (2007) (quotation omitted).

On appeal, the husband argues that the trial court erred by including gross rental income, rather than net rental income, in determining his gross income for child support. <u>See</u> RSA 458-C:2, IV (2018) (defining "gross income" to include "net rental income"). However, in the trial court, the husband did not introduce any evidence of expenses reasonably incurred to generate the rental income he receives from his tenants. <u>See</u> <u>In the Matter of Hampers & Hampers</u>, 166 N.H. 422, 440 (2014) (obligor parent bears burden to demonstrate reasonable and necessary expenses for production of income). Accordingly, we find no error.

The husband next argues that the trial court erred by denying his request for a downward deviation from the child support guidelines. "There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support." In the Matter of Silva & Silva, 170 N.H. 1, 4 (2018); RSA 458-C:4, II (2018). "This presumption may be overcome, and the trial court may deviate from the guidelines, when a party shows by a preponderance of the evidence that the application of the guidelines would be unjust or inappropriate because of special circumstances." Id. (quotations, citations, and brackets omitted).

To support his request for a downward deviation, the husband relies upon the parties' shared residential responsibility for the children. However, the statute provides that "[e]qual or approximately equal parenting residential responsibilities in and of itself shall not eliminate the need for child support and shall not by itself constitute ground for an adjustment." RSA 458-C:5, I(h)(1) (2018). The husband also asserts his assumption of marital debt and his responsibility for maintaining the former marital home as a basis for a downward departure. However, the parties agreed that each party will assume the credit card debt in his or her own name. In addition, the record shows that the parties contemplated the possibility that the husband may need to sell the house, if he cannot refinance. We assume the trial court found that the husband failed to show by a preponderance of the evidence that application of the guidelines would be unjust or inappropriate in these circumstances, see In the Matter of Hampers, 154 N.H. at 290 (we assume trial court made all findings necessary to support its decision), and conclude that the record supports the implied finding, see id. at 283.

The husband next argues that the trial court miscalculated the guidelines amount of child support. Specifically, he argues that the court's worksheet does not include health care costs he incurs for the children, and that although he is required to maintain health insurance for them, the child support order contains no specific finding as to whether the cost of such insurance is medically reasonable. The husband concedes, however, that prior to the final hearing, the wife enrolled the children in the state-sponsored healthy kids medical insurance program. Accordingly, we conclude that the husband has failed to show that he incurs health care costs or health insurance costs that the court was required to include in calculating child support. See In the Matter of Hampers, 154 N.H. at 283.

The husband also argues that the court erred in finding that day care costs for the children are $600 per month. At the final hearing, the wife's attorney represented that "we did this analysis just yesterday," and that each party paid $300 per month for child care. The husband did not dispute this calculation at the hearing. We conclude that the record supports the trial court's finding. See id.

Finally, the husband argues that the trial court should have awarded the wife fifty percent of the amount contributed to his profit sharing plan between the date of the marriage and the date of separation, reduced by $3,500 he claimed she owed him from the tax refund for tax year 2015. Contributions made to retirement accounts up to the date of the divorce decree are properly considered part of the marital estate. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770-71 (2002). The trial court awarded the wife fifty percent of the amount in the account as of the date of the divorce, "plus or minus any increases and/or decreases due to market forces to the date of distribution." This ruling is not erroneous.

In addition, the parties agreed that they will each claim one child for tax deduction/exemption purposes for each year, starting in 2017. The husband sought an order that the wife pay him $3,500 for his half of the refund from tax year 2015, when she claimed both children. The record shows that the husband claimed both children for tax year 2016 and received a $3,800 refund. The wife asked the court for one half of the $3,800 refund, or $1,900, as an offset to the $3,500 claimed by the husband, which would result in a payment to him of $1,600. The trial court, accepting the wife's proposal, ordered that $1,600 be deducted from the amount she receives from the profit sharing plan. The trial court is afforded broad discretion in determining matters of property distribution. In the Matter of Ramadan & Ramadan, 153 N.H. 226, 232 (2006). Based upon this record, we cannot conclude that the trial court's decision constitutes an unsustainable exercise of its discretion. See id.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3