# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0063, <u>In the Matter of Jeremiah Comeford and Breanna Comeford</u>, the court on September 27, 2019, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The respondent, Breanna Comeford (Wife), appeals the final decree entered by the Circuit Court (<u>Lemire</u>, J.) in her divorce from the petitioner, Jeremiah Comeford (Husband). On appeal, she contends that the trial court unsustainably exercised its discretion by denying her request for alimony. We affirm.

The following facts were found by the trial court or drawn from documents in the appellate record. The parties were married in 2009 and separated in 2016. They have two children who, at the time of their divorce, were eight- and ten-years-old, respectively. Both parties are in their 30s and healthy. Husband owns a heating, ventilation, and air conditioning installation and service business. Wife submitted a financial affidavit in which she averred that her only source of employment income was from selling refurbished furniture and other items on consignment. In that affidavit, Wife stated that her gross monthly income from this work is $540 and her net monthly income is $300. At trial, however, Wife testified that she earns additional income performing cleaning and organizational services for real estate agents and their clients. For that work, Wife earns $20-$25/hour and works up to 40 hours per week. Based upon Wife's testimony, the trial court found that her monthly gross income from her cleaning/organizational work is $1,732.

Wife also testified that she could "make $2,000 a month," but had not sought available full-time employment because she expected either to work for Husband's business or to pursue a career. Based upon Wife's testimony, the trial court found that Wife is voluntarily under-employed and is capable of earning $2,000 in monthly gross income through full-time employment. The court, therefore, imputed to Wife monthly gross income of $2,000.

The trial court awarded Husband 60% and Wife 40% of the equity in Husband's business, and awarded Wife the marital home. The court ruled that each party was entitled to 50% of the $40,000 equity in the marital home. As a result, the court ordered Husband to pay Wife $138,332.80, which represented her 40% share of the business ($158,332.80) less a $20,000 credit to Husband for his share of the equity in the marital home.

The trial court ordered Husband to pay Wife $3,805 in monthly child support and required Husband to provide private health insurance coverage for the children. The court denied Wife's request for alimony, specifically stating in its narrative order that she had not demonstrated a need for alimony. Despite this statement, the trial court granted Wife's requested finding of fact #34, which stated: "[Husband] has the ability to pay alimony and [Wife] has a need."

In her subsequent motion to reconsider the trial court's denial of her request for alimony, Wife pointed out the discrepancy between the court's narrative order and its grant of her requested finding of fact #34. The trial court denied Wife's motion, explaining that it had granted the requested finding of fact in error. This appeal followed.

The trial court is afforded broad discretion in awarding alimony. In the Matter of Nassar & Nassar, 156 N.H. 769, 772 (2008). We will not overturn its decision absent an unsustainable exercise of discretion. Id. To establish an unsustainable exercise of discretion, Wife must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of her case. In the Matter of Peirano & Larsen, 155 N.H. 738, 750 (2007). We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." In the Matter of Kempton & Kempton, 167 N.H. 785, 803 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." Id. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002). Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." Cook v. Sullivan, 149 N.H. 774, 780 (2003). "If the court's findings can reasonably be made on the evidence presented, they will stand." In the Matter of Letendre & Letendre, 149 N.H. 31, 36 (2002).

RSA 458:19 (2018) (amended 2018) governs the alimony award in this case. Pursuant to RSA 458:19, I, the trial court may award alimony, either temporary or permanent, for a definite or indefinite period of time, if it finds that: (1) the party in need lacks sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; (2) the payor is able to continue to meet his own reasonable needs, considering the style of living to which the parties have become accustomed during the marriage; and (3) the party in need cannot be self-supporting through appropriate employment at a standard of living that meets reasonable needs.

2

On appeal, Wife argues that the trial court unsustainably exercised its discretion by denying her request for alimony because, even with the income imputed to her, she "is and will be unable to meet her and her children's reasonable needs." Wife contends that, without an alimony award, "considering the costs of child care, Medicare, Social Security, . . . taxes . . . , health insurance and other expenses," she "will be unable to maintain a similar lifestyle to [Husband] after the decree of divorce" and will be unable "to maintain a similar lifestyle to the one enjoyed by the parties during . . . the marriage."

We cannot say that the trial court's contrary determination is clearly untenable or unreasonable. See In the Matter of Peirano & Larsen, 155 N.H. at 750. Wife was awarded the marital home, half of the equity in the home, and a share of Husband's business. Husband was ordered to pay her $3,805 in monthly child support and to provide private health insurance for the children. In addition, Wife conceded that she is capable of earning $2,000 monthly by pursuing full-time employment. Upon this record, we conclude that the trial court reasonably determined that Wife does not lack sufficient income, property, or both to provide for her reasonable needs, considering the style of living to which the parties became accustomed during their marriage. See RSA 458:19, I(a). Thus, Wife has failed to demonstrate that the trial court's denial of her request for alimony constituted an unsustainable exercise of discretion.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,
Clerk**

3