# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0326, <u>In the Matter of Kelly Kingsbury Roskilly and Ryan Roskilly</u>, the court on April 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Kelly Kingsbury Roskilly (wife), appeals the final decree of the Circuit Court (<u>Greenhalgh</u>, J.), following a hearing, in her divorce from the respondent, Ryan Roskilly (husband). The wife argues that the trial court erred in: (1) finding that the husband had no child support arrearage; (2) valuing the husband's businesses; (3) reducing her property award on reconsideration; and (4) determining the husband's income for purposes of child support and alimony.

The wife first argues that the trial court erred in finding that the husband had no child support arrearage. On appeal, we will affirm the trial court's findings unless they are unsupported by the evidence. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). Although the trial court did not award the wife temporary alimony, and although a non-hypothecation order was in effect, the court found that the wife spent approximately $68,000 from the parties' joint accounts to support herself and the children during the parties' separation, including the six-month period in 2018 in which she claims $18,378 in child support arrearages accrued. The wife did not challenge this finding in her motion for reconsideration; nor does she challenge it on appeal. The husband, on the other hand, spent only $36,250 from the same accounts. He submitted evidence that he paid an additional $3,720.53 in direct expenses for the wife and children during the same six-month period. Based upon this evidence, the trial court found that the husband had no child support arrearage. We conclude that the record supports the court's finding. <u>See</u> <u>id</u>.

The wife next argues that the trial court erred in valuing the husband's businesses. In a divorce proceeding, the valuation of a business asset is a question of fact to be determined by the trial court. <u>In the Matter of Cottrell & El-Sherif</u>, 163 N.H. 747, 749 (2012). We will not disturb the trial court's finding unless it is unsupported by the evidence. <u>Id</u>.; <u>see</u> <u>also</u> <u>In the Matter of Chamberlin & Chamberlin</u>, 155 N.H. 13, 16 (2007) ("[D]etermining the value of any given asset is left to the sound discretion of the trial court."). The husband presented an expert; his accountant and business advisor opined as to the

value of the businesses.  The husband's business partner also testified.  The wife presented no business valuation expert or other witness to testify on this issue.  Ultimately, although the court observed that the expert was biased in the husband's favor, it found that the value of the husband's share of the businesses was $79,000, approximately the same value provided by the expert.  We conclude that the record supports the court's finding.  See In the Matter of Cottrell, 163 N.H. at 749.

The wife next argues that the trial court erred by reducing her property award on reconsideration by $22,168 to equalize the property distribution.  "RSA 458:16-a, II creates a presumption that equal distribution of marital property is equitable.  Absent special circumstances, the court must make the distribution as equal as possible."  In the Matter of Henry & Henry, 163 N.H. 175, 183 (2012) (quotations, citations, and brackets omitted).  Marital debt is a factor to be considered in the equitable division of the marital estate.  In the Matter of Muller & Muller, 164 N.H. 512, 518-19 (2013).  After a hearing on the parties' respective motions for reconsideration, and after reconsidering the amount of the debts allocated to each party, the court concluded that the final decree assigned $78,200 in debts to the husband, which resulted in an unequal property division, contrary to the court's objective.  To equalize the division, the court reduced the wife's property award by $22,168.  We conclude that the record supports the court's decision.  See In the Matter of Henry, 163 N.H. at 183.

Finally, the wife argues that the trial court's child support and alimony awards were based upon erroneous income reports from the husband.  Determining a party's income is a factual issue for the trial court.  In the Matter of Crowe & Crowe, 148 N.H. 218, 222-23 (2002).  The court found that both parties accurately reported their incomes.  The wife argues that although the husband's business recently lost a major client, the loss of a client does not necessarily mean a loss of income.  The trial court found, however, that "[a]s the client gradually ended contracts with [the husband's] businesses, his income declined over time," and that "[a]ll revenue from this client ceased at the end of August, 2018."  The trial court's finding is supported by the record.  Accordingly, we find no error in its child support and alimony determinations.  See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2