**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0570, <u>In the Matter of Erica de Vries and Edward de Vries</u>, the court on May 8, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Erica de Vries, appeals the order of the Circuit Court (<u>Hall</u>, J.), following a trial, denying her petition for annulment of her marriage to the respondent, Edward de Vries, and approving the parties' alternative stipulated divorce decree. She argues that the trial court erred in denying her petition because, she claims, the respondent induced her to marry him with fraudulent intent.

"[A]nnulment of a marriage for fraud is granted only with extreme caution." <u>In the Matter of Geraghty & Geraghty</u>, 169 N.H. 404, 412 (2016) (quotation omitted). To obtain an annulment, the petitioner must demonstrate that the respondent's alleged fraud concerned something essential to the marriage. <u>Id</u>. at 416. The petitioner asserts that the respondent represented to her that he wanted to marry her and conceive a child with her but that, in fact, he only wanted to obtain permanent resident status in the United States.

The petitioner is a United States citizen, and the respondent is from the Netherlands. They met in January 2014 in London, where they both were living and working. They quickly developed a romantic relationship. The petitioner testified that in late September or early October 2014, she gave notice to her employer that she would be returning to the United States by the end of the year. She testified that she was interested in conceiving a child with the respondent, but that he became interested in conceiving a child with her only after learning that she was returning to the United States. The parties became engaged in July 2015, and were married on October 18, 2015. The petitioner testified that, after marriage, sex became infrequent and that, after she testified in support of his application for permanent residency, it became even less frequent.

The respondent testified that he married the petitioner because he loves her. He testified that it had never been his goal, prior to meeting her, to live in the United States, and that he moved to the United States for her. He testified that the parties started to experience trouble early in their marriage, and that he believed that they should work out their differences before continuing to try to conceive a child.

The petitioner admitted that the parties had a volatile relationship and that they fought after the marriage. She admitted that, three months into the marriage, things were not going well, and that she suggested divorce. The parties had a major fight on New Year's Eve, after which they started couples counseling, which continued through June 2016. The respondent moved out of the marital home in September, less than a year after the marriage.

Based upon this testimony, and the other evidence introduced at trial, the trial court concluded that the petitioner had failed to show that the respondent had induced her to marry him with fraudulent intent. We will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 770 (2002). We defer to a trial court's judgment on such issues as resolving conflicts in testimony, measuring the credibility of witnesses, and determining the weight to be given evidence. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). Although the petitioner's testimony conflicted with the respondent's in many respects, the trial court was not required to resolve the conflicts in her favor. See id. We conclude that the evidence supports the trial court's findings. Accordingly, we find no error. See Nyhan, 147 N.H. at 770.

The petitioner's remaining arguments challenge a number of the trial court's specific factual findings, made primarily in response to her written requests for findings and rulings. We see no reason to address each challenged finding separately. We conclude that evidence supports the court's findings. See id.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**