# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0481, <u>In the Matter of Andrew Cullen and Jacqueline Cullen</u>, the court on September 3, 2020, issued the following order:**

The respondent's motion to strike the petitioner's reply brief is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm in part and reverse in part.

The petitioner, Andrew Cullen (father), appeals the final decree of the Circuit Court (<u>Forrest</u>, J.) in his divorce from the respondent, Jacqueline Cullen (mother). He argues that the trial court erred by: (1) not awarding the parties equal parenting time; (2) failing to consider the mother's counseling records in establishing its parenting plan; and (3) ordering a psychologist's confidential report to be made available to counselors, over his objection.

"When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>Id</u>. (quotation omitted). We will affirm the trial court's findings and rulings unless they are unsupported by the evidence or are legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). The final parenting schedule in this case maintained the "status quo" of the temporary orders, which provided the father with frequent and continuing contact with the parties' young child, including five overnights during a two-week, rotating schedule.

The father first argues that the trial court erred in not awarding the parties equal parenting time, which the guardian ad litem (GAL) had recommended. The recommendations of a GAL do not carry any greater weight than the other evidence at trial. <u>In the Matter of Heinrich & Curotto</u>, 160 N.H. 650, 657 (2010). The trial court acknowledged that the GAL recommended increasing the father's parenting time; however, the court agreed with the psychologist appointed at the GAL's request that reducing the child's time with the mother would not be in the child's best interest because it would risk "undermining [the child's] development and exacerbating [the child's] distress." We defer to the trial court to resolve conflicts in the testimony and determine

the weight to be given to the evidence.  <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).

The father asserts that the trial court relied too heavily upon the psychologist's report in determining its parenting plan.  He contends that the report was inaccurate and incomplete because the mother allegedly refused to disclose her counseling records until after the psychologist completed the report.  He argues that the psychologist would have reached different conclusions, and that the trial court would have ordered equal parenting time, if the mother had timely disclosed her counseling records.

At the outset, we note that the court did not order the mother to provide the psychologist with her counseling records.  Rather, the court ordered both parties to execute releases so that the psychologist could obtain counseling records "should he deem that necessary."  In his report, the psychologist acknowledged that the mother had sought counseling "for help managing the stress of the divorce."  However, in an email to the GAL, the psychologist explained that he decided not to review the mother's counseling records prior to preparing his report because he had completed "a comprehensive mental health assessment of [the mother] and didn't believe those records would add much of anything to [his] knowledge about this woman's mental health status."  We defer to the trial court to determine the weight to be given to the psychologist's report.  <u>See</u> <u>id</u>.

The father next argues that the court erred in failing to consider the mother's counseling records in its parenting order.  The record shows that the father introduced the mother's counseling records as exhibits at trial.  Based upon those records, the father cross-examined the mother regarding certain mental health and behavioral issues.  He also elicited testimony from the GAL, and testified himself, regarding certain information contained in the counseling records.  The fact that the court's order does not specifically refer to the counseling records does not mean that the court failed to consider them.  <u>See</u> <u>In re Jonathan T.</u>, 148 N.H. 296, 304 (2002).  In the absence of specific findings, a court is presumed to have made all findings necessary to support its decision.  <u>Id</u>.  Accordingly, we assume that the court considered the counseling records and made the findings necessary to support its parenting plan, even if it did not do so expressly.  <u>See</u> <u>id</u>.  We conclude that the trial court's express and assumed findings are supported by the record.  <u>See</u> <u>Nyhan</u>, 147 N.H. at 770.  Accordingly, the father has failed to demonstrate that the court's parenting plan constitutes an unsustainable exercise of its discretion.  <u>See</u> <u>Kurowski</u>, 161 N.H. at 585.

Finally, the father argues that the court erred in ordering the disclosure of the psychologist's confidential report to the child's counselor and the parents' guidance counselor, over his objection.  The father raised his confidentiality objection in a post-decree motion, which the trial court declined

to address because he had raised the issue in this appeal.  The record shows that the father agreed to the psychological evaluation for the sole purpose of assisting the court in determining a parenting plan.  The report contains confidential, personal medical information that the father did not agree to disclose for any other purpose.  Accordingly, to the extent that the trial court ruled that the report should be made available to counselors over the father's objection, we reverse.

<u>Affirmed in part; reversed in part</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3