# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0056, <u>In the Matter of Theresa Rubin and James Rubin</u>, the court on December 28, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The petitioner, Theresa Rubin, appeals the final decree entered by the Circuit Court (<u>Weaver</u>, J.) in her divorce from the respondent, James Rubin. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. To establish an unsustainable exercise of discretion, the petitioner must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of her case. <u>In the Matter of Peirano & Larsen</u>, 155 N.H. 738, 750 (2007). We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

Based upon our review of the trial court's thorough and well-reasoned order, the petitioner's arguments, the relevant law, and the record submitted on appeal, we conclude that the petitioner has not demonstrated reversible error. Because we did not rely upon the documents in the appendices that the

petitioner filed with her reply brief, the respondent's motion to strike those appendices is moot.  See Appeal of Silverstein, 163 N.H. 192, 199 n.1 (2012).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**