# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0113, <u>In the Matter of Kelly Goodwin and Adam Goodwin</u>, the court on January 4, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Adam Goodwin, appeals the final decree entered by the Circuit Court (<u>Cross</u>, R., approved by <u>Weaver</u>, J.) in his divorce from the petitioner, Kelly Goodwin. We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). We will not overturn the trial court's rulings absent an unsustainable exercise of discretion. <u>Id</u>. To establish an unsustainable exercise of discretion, the respondent, as the appealing party, must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case. <u>In the Matter of Peirano & Larsen</u>, 155 N.H. 738, 750 (2007). We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made." <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015) (quotation omitted). "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence." <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous. <u>See</u> <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002). Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003). "If the court's findings can reasonably be made on the evidence presented, they will stand." <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

As the appealing party, the respondent has the burden of demonstrating reversible error. <u>Peirano & Larsen</u>, 155 N.H. at 750. Based upon our review of the trial court's thorough and well-reasoned order, the written and oral arguments of the parties, the relevant law, and the record submitted on appeal,

we conclude that the respondent has not demonstrated reversible error. Accordingly, we affirm.  See Sup. Ct. R. 25(8).

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**