# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0383, <u>In the Matter of Sushmita Anand and Anand Venkataramiah</u>, the court on April 20, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The petitioner, Sushmita Anand (Wife), appeals the final decree entered by the Circuit Court (<u>Alfano</u>, J.) in her divorce from the respondent, Anand Venkataramiah (Husband), following a hearing on offers of proof.  On appeal, she challenges the trial court's property division, denial of her request for alimony, and parenting plan.  We affirm in part, vacate in part, and remand.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014).  We will not overturn the trial court's decision absent an unsustainable exercise of discretion.  <u>Id</u>.  To establish an unsustainable exercise of discretion, the petitioner must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of her case.  <u>In the Matter of</u> <u>Peirano & Larsen</u>, 155 N.H. 738, 750 (2007).  We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made."  <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015).  "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence."  <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous.  <u>In the Matter of Nyhan and</u> <u>Nyhan</u>, 147 N.H. 768, 770 (2002).  Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence." <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).  "If the court's findings can reasonably be made on the evidence presented, they will stand."  <u>In the Matter</u> <u>of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

<u>Property Division</u>

Wife challenges two aspects of the trial court's property division.  She first argues that it was error for the court to accept the offer of proof from Husband's attorney as to the value of a home in India.  Husband's attorney

asserted, based upon a property appraisal that was not entered into evidence, that the home in India was worth $78,000. Wife's attorney accepted this value because "that results in 56 percent to [Wife], 44 percent split to" Husband, which the attorney argued "is a fair property division" because of Husband's greater earning capacity and ability to acquire assets. Based upon this record, we decline to fault the trial court for accepting the offer of proof by Husband's attorney as to the value of the home in India.

Wife next asserts that it was unfair for the court to award Husband all of the parties' liquid assets. Further, she observes that neither a Vanguard account nor a Proctor & Gamble vested stock option account, the assets to which she refers, are retirement assets, which is contrary to the trial court's determination. Husband agrees that the two accounts are not retirement assets subject to certain tax consequences and penalties for early distribution. Because we cannot determine how the trial court would have equitably divided the marital estate had it not mistakenly treated those assets as retirement assets subject to certain tax consequences and penalties for early distribution, we vacate its property division.

Alimony

Wife requested $1,134 in monthly alimony for eight years. For alimony purposes, the court calculated Wife's monthly income as $7,451, which included child support, but did not include her overtime income at her second job, which she planned to end. The court found that Wife's reasonable expenses are $6,886. The court concluded that because her monthly income exceeds her expenses and because of the "significant assets" she is to receive in the divorce, Wife did not need alimony at this time. The court found that her income and property award "are sufficient for her to provide for her own reasonable needs, taking into account the marital lifestyle and the extent to which the parties must both fairly adjust their standards of living based on the creation and maintenance of separate households." The court found that both parties had inflated their stated expenses.

Because the trial court's alimony award was based, in part, upon its determination that Wife would receive "significant assets" in the divorce, and because we have vacated the property division, we necessarily also vacate the alimony award. Nonetheless, we address Wife's appellate arguments regarding the alimony award because they are likely to arise on remand.

On appeal, Wife first argues that the trial court erred by disregarding certain expenses listed on her financial affidavit, which she argues were reasonable. Based upon our review of the record on appeal, we conclude that the trial court's decision to exclude the expenses was reasonable.

Wife next asserts that Husband had the ability to pay alimony based upon the discrepancy in their respective incomes, and that the trial court should have so found. Having determined that Wife did not have a need for alimony, the trial court did not need to examine whether Husband had an ability to pay. See RSA 458:19-a (Supp. 2022).

Parenting Plan

As both parties requested, the trial court awarded them joint decision-making responsibility for their children. Wife was awarded primary residential responsibility with Husband having parenting time every other weekend and at additional times as he and the children may mutually agree. Because Husband had not had parenting time with the children since October 2021, despite his efforts to see them, the court ordered him to participate in the children's therapy "as directed by the therapist with the goal of establishing meaningful contact between [him] and the children." Wife was ordered to support the parenting time between Husband and the children. Although Wife proposed that the children are mature and that they should not be required to have contact with Husband prior to reunification therapy, the trial court found otherwise.

Wife contends that the trial court's finding that the children are not mature minors is erroneous and that the court should have appointed a guardian ad litem (GAL) for the children and interviewed them before issuing its parenting plan. As the appealing party, Wife has the burden of demonstrating that the trial court's parenting plan constitutes reversible error. Gallo v. Traina, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned narrative order as it pertains to the parenting plan, Wife's challenges to it, the relevant law, and the record submitted on appeal, we conclude that she has not demonstrated that the parenting plan constitutes reversible error. See id.

Affirmed in part; vacated in part; and remanded.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3