# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0147, <u>In the Matter of Michael Boisvert and Nicole Lariviere</u>, the court on July 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The respondent, Nicole Lariviere (mother), appeals the final parenting plan issued by the Circuit Court (<u>Lown</u>, J.), following a hearing, on the parenting petition filed by the petitioner, Michael Boisvert (father), regarding the parties' child, A.B.  The mother argues that the trial court erred in: (1) ordering a final parenting plan, rather than enforcing the parties' temporary parenting plan and agreement regarding visitation; (2) weighing the evidence regarding the father's alleged lack of compliance with the temporary parenting plan and visitation agreement; and (3) failing to comply with RSA 461-A:5, III (2018) and failing to properly weigh the evidence regarding domestic violence protective orders that had been issued against the father.  We affirm.

The mother first argues that the trial court erred in ordering its final parenting plan, rather than enforcing the parties' temporary parenting plan and agreement regarding visitation.  On appeal, we will affirm the findings and rulings of the trial court unless they are unsupported by the evidence or are legally erroneous.  <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002).  In its final order, the trial court found that the temporary parenting plan and visitation agreement were temporary agreements, approved as temporary orders, regardless of whether the father entered into the agreements under duress, as he claimed at the final hearing.  At the June 24, 2022 status conference, after the parties had submitted their temporary parenting plan and visitation agreement, they agreed that the case should remain "on the wait list" for a final hearing, so that they could have "a final parenting plan in place sooner rather than later."  We can discern no reason for the trial court to hold a final hearing, once it had approved the parties' temporary parenting plan and visitation agreement, if the agreements were intended to be final.  Accordingly, we conclude that the record supports the court's finding that the temporary parenting plan and visitation agreement were temporary agreements, and that the court did not err in ordering a final parenting plan.  <u>See</u> <u>id</u>.

The mother next argues that the trial court erred in weighing the evidence regarding the father's alleged lack of compliance with the temporary parenting plan and visitation agreement.  Conflicts in the testimony, questions

about the credibility of witnesses, and the weight assigned to testimony are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). The trial court noted that the parties "attempted to work out time for [the father] to spend with [the child]," but that it had "not gone well due to friction and animosity between the parties and their representatives." The court found that "both parties are loving parents who wish to spend as much time as they can with [the child]." We will not disturb the trial court's findings if they could reasonably have been made. Id. We conclude that the trial court's findings regarding the father's alleged lack of compliance with the temporary parenting plan and visitation agreement could reasonably have been made given the evidence presented at the final hearing. See id.

The mother next argues that the trial court failed to comply with RSA 461-A:5, III (2018) and failed to properly weigh the evidence regarding domestic violence protective orders that had been issued against the father. RSA 461-A:5, III (2018) provides, "Where the court finds that abuse as defined in RSA 173-B:1, I has occurred, the court shall consider such abuse as harmful to children and as evidence in determining whether joint decision-making responsibility is appropriate. In such cases, the court shall make orders for the allocation of parental rights and responsibilities that best protect the children or the abused spouse or both. If joint decision-making responsibility is granted despite evidence of abuse, the court shall provide written findings to support the order."

The father argues that the mother failed to preserve her RSA 461-A:5, III issue for appellate review because she did not cite RSA 461-A:5, III in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) (noting that parties may not have judicial review of matters not raised in the trial court). Assuming, without deciding, that the issue is preserved for review, we conclude that the trial court's order complies with RSA 461-A:5, III.

The trial court noted that the parties' relationship was "irreparably damaged" by a domestic violence incident that had occurred more than three years earlier. However, the court found that the father "was a good father to [the child] for the first 3 and half years of [the child's] life," that he remains "a loving and capable father," and that he is "capable of addressing any of the health and other needs of [the child]." The court's parenting plan provides for supervised and virtual visits with the father initially, increasing to overnight parenting time, to be accompanied by other persons specified by the court in its order. The court ordered that, after 90 days, a status hearing would be held to address the potential for increased, unsupervised parenting time with the child, with the goal of enabling the father to spend up to fifty percent of the time with the child, on alternating weeks. The court found this parenting plan to be in the child's best interest. Based upon this record, we conclude that the court's order complies with RSA 461-A:5, III, and that its findings regarding the

father's history of domestic violence could have been reasonably made. <u>See</u> <u>Kurowski</u>, 161 N.H. at 585.

<u>Affirmed</u>.

MacDonald, C.J., and Bassett, Hantz Marconi, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**