# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0563, <u>In the Matter of Aaron Bachhuber and Jennifer Bachhuber</u>, the court on August 23, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, Jennifer Bachhuber (wife), appeals the final decree of the Circuit Court (<u>Alfano</u>, J.), in her divorce from the petitioner, Aaron Bachhuber (husband). She argues that the trial court erred in: (1) ordering her to pay the husband $15,000 toward the parties' estimated $30,000 federal tax debt; and (2) determining the parties' equity in the marital residence as of the date of the divorce rather than the date of their separation. We affirm.

The wife first argues that the trial court erred in ordering her to pay the husband $15,000 toward the parties' federal tax debt, which was estimated to be approximately $30,000, not including interest and penalties. The trial court found that "both parties bear some responsibility" for the tax debt. The wife argues that the court erred in its order because the husband had not yet filed the federal tax returns for the years at issue, and the debt owed is only an estimate, subject to possible modification or compromise.

The trial court has discretion to allocate responsibility for debts in the manner it deems equitable. <u>See</u> <u>In the Matter of Costa & Costa</u>, 156 N.H. 323, 327-28 (2007) (affirming trial court's assignment of approximately $252,000 in debt to petitioner that might otherwise have been assignable in whole or in part to respondent). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. at 326. Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion in ordering the wife to pay the husband $15,000 toward the parties' estimated federal tax debt.

The wife next argues that the trial court erred in determining the parties' equity in the marital residence as of the date of the divorce rather than the date of their separation. The parties agreed that the fair market value of the residence is $377,000. The court awarded the residence to the wife and ordered her to pay the husband one half of the parties' equity in the home. The wife argues that the court's order is inequitable because she increased the equity by reducing the mortgage balance by approximately $7,500 during the pendency of the divorce. The trial court found that the husband paid the wife

"a significant amount of support since moving out of the home," which "allowed the parties to keep the home."

"In a divorce proceeding, marital property is not to be divided by some mechanical formula but in a manner deemed 'just' based upon the evidence presented and the equities of the case." In the Matter of Letendre & Letendre, 149 N.H. 31, 35 (2002). Trial courts are free to exercise their sound discretion in establishing an appropriate valuation date for the equitable distribution of marital assets. In the Matter of Nyhan and Nyhan, 147 N.H. 768, 771 (2002). We will not disturb the trial court's decision absent an unsustainable exercise of discretion. Id. at 770. Based upon our review of the record, we cannot conclude that the trial court unsustainably exercised its discretion in determining the parties' equity in the marital residence as of the date of the divorce decree rather than the date of their separation.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**