# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2019-0305, <u>In the Matter of Jennifer Marino and John Marino, III</u>, the court on March 9, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, John Marino, III (father), appeals the parenting plan ordered by the Circuit Court (<u>Leonard</u>, J.) pursuant to the parties' final divorce decree. Under the plan, the parties have joint decision-making responsibility for major decisions involving their three children, <u>see</u> RSA 461-A:5 (2018), and the petitioner, Jennifer Marino (mother), has primary residential responsibility for the children, <u>see</u> RSA 461-A:6 (2018). The father has parenting time one day a week and alternating weekends. He has additional parenting time during school and summer vacations. He argues that the court erred in failing to award him equal residential responsibility for the children.

"When reviewing a trial court's decision on parenting rights and responsibilities, our role is limited to determining whether it clearly appears that the trial court engaged in an unsustainable exercise of discretion." <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). "We consider only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made." <u>Id</u>. (quotation omitted).

The father argues that the parenting plan is based upon a number of erroneous factual findings which, he argues, resulted in a plan that is not in the children's best interests. <u>See</u> RSA 461-A:6 (enumerating best interest factors). The court's determination of a child's best interest depends to a large extent upon its firsthand assessment of the credibility of witnesses. <u>Kurowski</u>, 161 N.H. at 585. We defer to the trial court to resolve conflicts in the testimony, weigh the evidence, and assess the credibility and demeanor of the witnesses. <u>Id</u>. We will affirm the trial court's findings and rulings unless they are unsupported by the evidence or are legally erroneous. <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002).

The father first argues that the court erred in concluding that the mother was "always" the primary caregiver. He asserts that, contrary to the court's finding, there were periods during which the mother worked outside the home,

and he worked from his home office, providing primary care for the children. He also notes that the mother, by her own testimony, regularly relied upon family members and nannies to care for the children. The father asserts that the court ignored periods during which he was responsible for the children pursuant to the court's temporary orders. The mother testified that, during the marriage, the father generally worked six to seven days a week, from early in the morning until after the children's dinner, and that she was the primary caregiver for the children even when she was working outside the home. We defer to the trial court to resolve conflicts in the testimony, weigh the evidence, and assess the credibility and demeanor of the witnesses. Kurowski, 161 N.H. at 585.

The father next argues that the court erred in concluding that he "generally did not attend" the children's doctor visits, parent-teacher conferences, dentist appointments, and extracurricular activities. He notes that the children did not start school until after the parties' separation and asserts that any lack of attendance at doctor visits was the consequence of the mother's unilateral decisions. The mother acknowledged that the father attended their child's sporting events and some of the children's early medical appointments, but testified that she remained primarily responsible for bringing the children to their appointments. The trial court was in the best position to resolve the parties' conflicting testimony and weigh the evidence. Id.

The father also argues that the court erred in concluding that he often delegated primary caregiving responsibility to his mother, sister, and girlfriend when the children were in his care. He asserts that he, his mother, and his sister all testified that he was an attentive and involved parent. The trial court was not required to credit the testimony of the father and his witnesses on this issue. In the Matter of Aube & Aube, 158 N.H. 459, 465 (2009). The mother testified that the father's girlfriend frequently assumed primary responsibility for the children, including bringing them to appointments and administering medication.

The father next argues that the court erred in concluding that he bears primary responsibility for the parties' communication problems. The mother argues that the court's finding is supported by her testimony that the father discontinued marriage counseling because he believed that the breakdown in their relationship was the mother's fault, and that during their separation, the father delegated communication responsibility to his girlfriend. Resolution of this issue involved weighing the evidence, which was for the trial court. See Kurowski, 161 N.H. at 585.

Finally, the father argues that the court erred in concluding that he has "disdain and lack of respect" for the mother, and that the court should have concluded that the mother has disdain and a lack of respect for him. He

2

asserts that the mother disparaged him to his girlfriend, and that her accusations were baseless.  The mother argues that the court's finding was supported by her testimony that the father kicked her out of the house after learning that she had neutered their dog, and that the father moved out of the house three days before Christmas, when she was pregnant.

We conclude that the trial court's findings are supported by the record and are not legally erroneous.  See Nyhan, 147 N.H. at 770.  Accordingly, we conclude that the father has failed to demonstrate that the court's parenting plan constitutes an unsustainable exercise of its discretion.  See Kurowski, 161 N.H. at 585.  The father's remaining arguments are not adequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and warrant no further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

3